Ronald GAINES, Plaintiff–Appellant,

v.

SKI APACHE, formerly known as Sierra Blanca, formerly known as Sierra Blanca Ski Enterprises, Defendant–Appellee.

No. 922251.

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1993.

Kenneth R. Wagner and Phillip P. Baca, of Kenneth R. Wagner & Associates, P.A., Albuquerque, NM, for plaintiff-appellant.

Joe L. McClaugherty and Cameron Peters, of McClaugherty, Silver & Downes, P.C., Santa Fe, NM, for defendant-appellee.

Before LOGAN and BRORBY, Circuit Judges, and KANE,* District Judge.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Ronald Gaines appeals from a judgment dismissing his action against defendant-appellee Ski Apache for lack of diversity jurisdiction. Plaintiff challenges the district court's conclusion concerning diversity jurisdiction, and argues that he was improperly denied discovery on the jurisdiction issue. We resolve both issues against plaintiff and affirm.[1]

Plaintiff commenced this action for injuries received when he was struck in the back of his head by a chairlift at Ski Apache, a New Mexico ski resort. He asserted jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332.

The Mescalero Apache Tribe, which owns and operates Ski Apache, moved to dismiss for lack of jurisdiction. It argued that Ski Apache was an unincorporated enterprise of the tribe with no separate legal identity, and that the tribe was not a citizen of any state because it had not incorporated.

Attached to the motion was the affidavit of Wendell Chino, the president of the tribe. Chino stated that the tribe is a sovereign Indian Tribe organized under the Indian Reorganization Act, 25 U.S.C. § 476. Ski Apache is not incorporated under the laws of any state but rather exists only as an enterprise of the tribe. Ownership, control, and all operations of Ski Apache fall within the constitutional government established pursuant to § 476.

■ The tribe also sought to stay discovery until resolution of its motion to dismiss. A magistrate judge restricted discovery to the jurisdiction issue. Before the tribe responded to discovery, however, the district court issued an order granting the motion to dismiss. Based on Chino's affidavit, the court concluded that Ski Apache was not incorporated but rather existed only as an enterprise of the tribe.[2] Thus, it concluded, the tribe was the actual defendant; but because an Indian tribe is not a citizen of any state, diversity jurisdiction was lacking. The court also denied plaintiff's request to conduct discovery to determine whether Ski Apache was the functional equivalent of a corporation.

Plaintiff moved to set aside the dismissal order. The district court requested that Wendell Chino file a supplemental affidavit addressing factual matters raised by the postjudgment motion. Chino's supplemental affidavit described another entity, the Mescalero Apache Tribe, Inc., which is a federally chartered corporation created pursuant to § 477 of the Indian Reorganization Act. Ac-

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. Because neither party raised the question of sovereign immunity on appeal, and defendant stated in a document filed in the district court that it was not asserting sovereign immunity, we do not address that question in this appeal.

2. Plaintiff claims the motion to dismiss should have been treated as a motion for summary judgment because the court relied on Chino's affidavit. A motion to dismiss for failure to state a claim, Fed.R.Civ.P. 12(b)(6), or a motion for judgment on the pleadings, Rule 12(c), shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. Rules 12(b), (c). The tribe's motion sought dismissal for lack of diversity jurisdiction. Lack of diversity jurisdiction is grounds for dismissal under Rule 12(b)(1), not summary judgment. Prakash v. American Univ., 727 F.2d 1174, 1181 (D.C.Cir.1984). The motion was properly treated as a motion to dismiss.

cording to Chino, this entity has never owned, operated, or managed Ski Apache, and has never exercised control over any property, funds, or assets associated with Ski Apache. Chino further stated that Ski Apache has never been incorporated under the laws or ordinances of the tribe. Following receipt of Chino's affidavit, the district court concluded its original order was correct and denied the motion to set it aside.

■ We review de novo the district court's subject matter jurisdiction determination. *Kunkel v. Continental Casualty Co.,* 866 F.2d 1269, 1273 (10th Cir.1989). We examine the face of the complaint to determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction. *Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991). The party asserting jurisdiction must allege facts essential to show jurisdiction. *Id.* However, where the pleadings are inadequate, we may review the record to find evidence that diversity exists. *Id.*

Diversity jurisdiction exists if the matter in controversy exceeds $50,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff alleged in his first amended complaint that the controversy exceeded $50,000, and that allegation is not challenged. With regard to diversity of citizenship, he alleged that he is a citizen of Texas and that "Ski Apache is a business enterprise situated off the Reservation, owned and operated for profit by The Mescalero Apache Tribe, a body politic." Appellant's App. at 5.

The allegations in the complaint do not establish that Ski Apache is an entity separate from the tribe, and available authority holds that Indian tribes are not citizens of any state for purposes of diversity jurisdiction. *Standing Rock Sioux Indian Tribe v. Dorgan,* 505 F.2d 1135, 1140 (8th Cir.1974); *Oneida Indian Nation v. Oneida County,* 464 F.2d 916, 922–23 (2d Cir.1972), *rev'd on other grounds,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974).

■ Plaintiff argues, however, that the Mescalero Apache Tribe and/or Ski Apache

are corporations and, as such, are considered citizens of New Mexico. For purposes of determining citizenship under § 1332(a), a corporation is deemed a citizen of the state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). An Indian tribe may become a corporation by being chartered under the Indian Reorganization Act, 25 U.S.C. § 477. Such a corporate entity may be considered a citizen of the state of its principal place of business for diversity jurisdiction purposes. *See Enterprise Elec. Co. v. Blackfeet Tribe of Indians,* 353 F.Supp. 991, 992 (D.Mont.1973).

[7] However, "the Mescalero Apache constitutional and corporate entities [are] separate and distinct," *Ramey Construction Co. v. Apache Tribe of Mescalero Reservation,* 673 F.2d 315, 320 (10th Cir.1982), and it is the tribe's constitutional rather than corporate entity that operates Ski Apache. Thus, the tribe is not a corporation under § 477 of the Indian Reorganization Act.

[8] A tribe may also charter a corporation pursuant to its own tribal laws, and such a corporation will be considered a citizen of a state for purposes of diversity jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1223 n. 3, 1226 (9th Cir.1989); *R.C. Hedreen Co. v. Crow Tribal Hous. Auth.,* 521 F.Supp. 599, 602–03 (D.Mont.1981). The tribe's constitution provides the tribal council authority to charter tribal corporations. Appellant's App. at 125; Revised Constitution of the Apache Tribe of the Mescalero Indian Reservation, art. XI, sec. 1(h). According to Chino's affidavit, Ski Apache is not incorporated under the laws or ordinances of the tribe.

■ Plaintiff argues that the tribe should be considered a corporation for diversity purposes because its constitution refers to it as being "in the nature of a non-profit corporation." Appellant's App. at 126. He cites no authority for this assertion other than a reference to a treatise on Indian law providing that courts cannot ignore how a tribe defines itself. Felix S. Cohen, Handbook of Federal Indian Law 247 (1982 ed.). However, that same text states that tribes are permitted to

form business corporations under § 477. *Id.* at 149. It says nothing about tribes being able to make themselves corporations merely by referring to themselves as such in their constitutions.

In any event, the tribe's constitution only refers to the tribe as being "in the nature of" a nonprofit corporation, not that it *is* a nonprofit corporation. The Supreme Court has rejected attempts to treat entities in the nature of corporations *as* corporations for purposes of diversity jurisdiction. *United Steelworkers of America v. R.H. Bouligny, Inc.,* 382 U.S. 145, 149–51, 86 S.Ct. 272, 274–75, 15 L.Ed.2d 217 (1965). We conclude no showing has been made that either the tribe or Ski Apache is a corporation for purposes of diversity jurisdiction.

Plaintiff next argues the tribe is an independent self-governing entity that should be treated as a citizen of the state of its location. This argument is largely premised on language in *Moor v. Alameda County,* 411 U.S. 693, 720, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973), describing the independent status of Alameda County relative to the state of California.

The issue in *Moor* was whether Alameda County was a citizen of the state of California for diversity jurisdiction purposes. The Court relied on the rule that, for purposes of diversity jurisdiction, political subdivisions of a state are citizens of that state, unless they are simply the arm or alter ego of the state. *Id.* at 717, 93 S.Ct. at 1799. In describing the independent status of the county, *id.* at 720, 93 S.Ct. at 1800, the Court was responding to arguments that the county was a mere agent of the State and therefore not a citizen. *Id.* at 719, 93 S.Ct. at 1800. Thus, *Moor* does not establish as a general principle that any independent self-governing entity should be treated as a citizen for purposes of diversity jurisdiction. It has no application to the present case.

Relying on *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), plaintiff next contends that the tribe is a trust, and that it should be considered a citizen of New Mexico because that is the state where its trustees reside. *Lee* has nothing to do with Indian tribes. Plaintiff has cited no authority for the proposition that a tribe is a trust. He has not established that the tribe should be treated as a trust for purposes of diversity jurisdiction.

■ Plaintiff also argues that he was improperly denied discovery. He contends that he needed discovery to resolve the following factual issues: whether the tribe chartered Ski Apache; whether Ski Apache's predecessors were ever incorporated or chartered; and whether any tribal members are domiciled in Texas. "The trial court has broad discretion regarding its control of discovery, and we will find that discretion to have been abused only when a denial of discovery precludes a fair trial." *Green v. Johnson,* 977 F.2d 1383, 1391 (10th Cir.1992).

Chino stated in his supplemental affidavit that Ski Apache was not incorporated under the tribe's laws or ordinances. While the tribe's constitution does speak of "chartering" tribal corporations, plaintiff has not explained the significance of any distinction between incorporating and chartering a corporation.

Nor has plaintiff explained the relevance of whether any of Ski Apache's predecessors were incorporated. None of those entities are parties to this action.

Whether the tribe has members who are domiciled in Texas is relevant if the tribe is treated as an unincorporated association. Both parties agree that an Indian tribe is not an unincorporated association. Thus, the domicile of the tribe's members is not an issue in this case.

Finally, plaintiff argues that he needs discovery to determine whether Chino's factual allegations are true. He does not identify which allegations he seeks to challenge. In the district court he framed the issue for which he sought discovery as whether Ski Apache has a separate legal identity as an enterprise of the tribe. However, the relevant question for purposes of diversity jurisdiction is whether Ski Apache has been incorporated under tribal law, not whether it is an enterprise of the tribe.

We therefore conclude plaintiff has not established that the denial of discovery pre-

cluded a fair trial. Consequently, the district court did not abuse its discretion in denying plaintiff discovery.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.