**WHITECO METROCOM DIVISION OF WHITECO INDUSTRIES, INC., a Corporation, Plaintiff,**

v.

**YANKTON SIOUX TRIBE, Defendant.**

**No. CIV 94–4259.**

United States District Court,
D. South Dakota,
Southern Division.

Oct. 12, 1995.

Jack Gunvordahl, Gunvordahl & Gunvordahl, Burke, SD and Stanley E. Whiting, Winner, SD, for Plaintiff.

Charles Thomas Abourezk, Abourezk Law Offices, Rapid City, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Plaintiff brought suit against the Defendant Tribe for breach of contract pursuant to seven contracts entered into between Plaintiff and the Tribe's Ft. Randall Casino for billboards to be placed along public highways in an effort to generate business for the Casino. The contracts were signed by the general manager of the Casino on June 4 and September 10 of 1993, and approximately six months later, the Tribe informed Plaintiff that the Yankton Sioux Tribe Business and Claims Committee had not approved the contracts prior to signing, and, therefore, the contracts were "terminated." Doc. 7 at Ex. B. Plaintiff brought the instant action for monies owed under the contracts. Doc. 1. The Tribe moves for dismissal on the grounds of sovereign immunity. Doc. 3.

The Tribe's Motion to Dismiss raises two jurisdictional questions for the Court. First, whether this Court or a tribal court must hear this issue and, second, whether this action is barred by the doctrine of sovereign immunity.

### DISMISSAL PURSUANT TO RULE 12(b)(1)

■ Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action whenever the court lacks jurisdiction over the subject matter. The Eighth Circuit has distinguished between facial and factual 12(b)(1) motions, stating the standards applicable to motions to dismiss in each instance. In this case, we are concerned with a factual motion:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdic-

tional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Osborn v. United States,* 918 F.2d 724, 730 (8th Cir.1990); *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993).

**SUBJECT MATTER JURISDICTION**

Federal Courts have original jurisdiction in cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331, and in cases in which there is diversity of citizenship and the matter in controversy exceeds the statutory amount, 28 U.S.C. § 1332. Plaintiff argues that this Court has jurisdiction in this contract dispute pursuant to 28 U.S.C. § 1332 and 25 C.F.R. Part 11.

[redacted] Diversity jurisdiction does not exist. Section 1332 requires that the parties be "citizens of different states." Although Plaintiff has attempted to demonstrate diversity by alleging in its Complaint that Plaintiff is incorporated in Nebraska and that "Defendant is an Indian Tribe with its principal place of business in South Dakota," Doc. 1 at ¶ 4, it is well settled that "Indian tribes are not citizens of any state for purposes of diversity jurisdiction." *Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir.1993) (citations omitted). Additionally, the Tribe pleads it is organized pursuant to Section 16 of the Indian Reorganization Act, 25 U.S.C. § 476, and has never incorporated under 25 U.S.C. § 477.[1] Doc. 4 at 1. As a "Section 16" entity, the Tribe is not a citizen of any state for purposes of diversity jurisdiction. *Standing Rock Sioux Indian Tribe v. Dorgan,* 505 F.2d 1135, 1140 (8th Cir.1974); *Gaines,* 8 F.3d at 729; *Veeder v. Omaha Tribe of Nebr.,* 864 F.Supp. 889, 898–901 (N.D.Iowa 1994).

[redacted] Plaintiff bases its second argument for federal jurisdiction on 25 C.F.R. § 11.104(b). *National Farmers Union Ins. Co. v. Crow Tribe* holds that questions of tribal court jurisdiction over non-Indians should first be addressed in tribal court. 471 U.S. 845, 856, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985). Plaintiff argues that it cannot bring suit in the tribal forum because § 11.104(b) requires a Tribe with a C.F.R. court to pass a resolution permitting the Tribe to be sued in that court, and the Yankton Sioux Tribe has never passed such a resolution. Therefore, Plaintiff argues it must pursue its rights in the federal forum because the tribal forum is closed to it.

The Tribe's response to the argument that there is no tribal forum is that "The Yankton Sioux Tribe converted its tribal court system from a 'CFR Court' to a tribal court of general jurisdiction in June of 1994." Doc. 4 at 2. This assertion, standing alone and unsupported by any evidence, is an insufficient defense to Plaintiff's claim that jurisdiction does not exist in a tribal forum. Federal regulations provide:

> The regulations in this part shall continue to apply to tribes listed under § 11.100(a) until a law and order code which includes the establishment of a court system has been adopted by the tribe ... and the Assistant Secretary—Indian Affairs ... has received a valid tribal enactment identifying the effective date of the code's implementation, and the name of the tribe has been deleted from the listing of Courts of Indian Offenses under § 11.100(a).

1. Plaintiff states that the Tribe has apparently not formally organized under either Section 16 or Section 17 of the Indian Reorganization Act, and the documentation provided to Plaintiff, and, in turn, to the Court, does not contradict that statement. Doc. 7 at 5, Ex. F. Section 17 of the Indian Reorganization Act, 25 U.S.C. § 477, permits tribes to incorporate, and these corporate entities are then considered citizens of the state of their principal place of business for diversity purposes. *Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir.1993).

Plaintiff argues that the Tribe should be estopped from making its case that the Tribe is not a corporation and not a citizen of a state for diversity purposes. Plaintiff argues that the Casino's general manager represented to Plaintiff on the Credit Application which was completed at the same time as the first contracts were executed that the Casino was a South Dakota corporation. Doc. 7 at Ex. C. Plaintiff argues that because Plaintiff relied upon the representation that the Casino was incorporated in South Dakota and Plaintiff's belief that, therefore, "the contracts could be enforced" at the time they completed the contracts, the Tribe should be estopped from using the defense that it is not a corporation. Doc. 7 at 6.

25 C.F.R. § 11.100(c) (1994). The Tribe has made no showing that it has met the requirements of § 11.100(c) and, as of this date,[2] 25 C.F.R. § 11.100(a)(2) retains "Yankton Sioux Tribe (South Dakota)" as one of the tribes to whom the regulations governing Courts of Indian Offenses apply.

■ The Tenth Circuit has defined one narrow exception[3] to the tribal court exhaustion doctrine of *National Farmers Union,* 471 U.S. at 856, 105 S.Ct. at 2454. In *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes,* the court assumed jurisdiction over plaintiffs' constitutional claims because diversity was lacking and plaintiffs had been denied access to the tribal C.F.R. court. 623 F.2d 682, 685 (10th Cir.1980), *cert. denied,* 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 *reh'g denied,* 450 U.S. 960, 101 S.Ct. 1421, 67 L.Ed.2d 385 (1981) (*Dry Creek II* ). The court stated:

> There has to be a forum where the dispute can be settled.... There must exist a remedy for parties in the position of plaintiffs to have the dispute resolved in an orderly manner. To hold that they have access to no court is to hold that they have constitutional rights which have no remedy.

*Id.* The Court declines to follow the *Dry Creek* exception. This is a simple contract dispute and raises no issues of constitutional magnitude. *See Gila River Indian Community v. Henningson, Durham & Richardson,* 626 F.2d 708, 714–15 (9th Cir.1980) (finding no federal jurisdiction for simple breach of contract claim brought by Tribe), and *Mescalero Apache Tribe v. Martinez,* 519 F.2d 479, 481 (10th Cir.1975) (same). It is doubtful that the *Dry Creek* exception is the law in this Circuit under any circumstances, but that remains to be determined.

■ Plaintiff also argues that federal question jurisdiction exists for any contract dispute under the Indian Gaming Regulatory Act [IGRA], 25 U.S.C. § 2701 *et seq.* IGRA does not create a private cause of action for individuals. *Tamiami Partners, Ltd. v. Miccosukee Tribe,* 63 F.3d 1030, 1049 (11th Cir. 1995).

■ Because I find the Court has no original or diversity jurisdiction in this matter, I do not reach the question of whether the Tribe may utilize the defense of sovereign immunity, except to comment briefly. The Eighth Circuit has held that nothing except an express waiver will satisfy the Supreme Court's mandate in *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978), stating that a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *American Indian Agric. Credit Consortium v. Standing Rock Sioux Tribe,* 780 F.2d 1374, 1375 (8th Cir.1985). If this Court had jurisdiction, and if the Tribe was a private party, the facts of this case would create a strong case for the application of the doctrine of estoppel. The misrepresentations on the Credit Application which was signed by the general manager, that the Casino was incorporated by the State of South Dakota and that the general manager had authority to enter into contracts on behalf of the Casino would give support to an estoppel argument by a private party. However, the mandate of *Santa Clara Pueblo* is clear, and even if the facts supporting a finding of estoppel are present, as presupposed for purposes of this motion, estoppel is an insufficient basis from which to find that the Tribe expressly waived its sovereign immunity.

I find that this Court does not have diversity jurisdiction over this contract dispute

---

**2.** Pursuant to a Westlaw search of currently effective CFR sections.

**3.** The Tenth Circuit has further narrowed the *Dry Creek II* exception by applying it only "where plaintiff's rights had been egregiously violated and tribal remedies were wrongfully denied," *Seneca–Cayuga Tribe of Okla. v. State,* 874 F.2d 709, 715 n. 6 (10th Cir.1989), and basing its application "on the finding that no tribal court forum existed for the non-Indian party." *Bank*

*of Okla. v. Muscogee (Creek) Nation,* 972 F.2d 1166, 1170 (10th Cir.1992).

The Eighth Circuit has addressed the *Dry Creek II* decision only in passing. In *Shortbull v. Looking Elk,* the circuit court affirmed the district court's grant of summary judgment on the grounds that there is no private cause of action under the Indian Civil Rights Act. 677 F.2d 645, 650 (8th Cir.1982). The court merely compared the fact that the plaintiff had no remedy to the lack of a remedy in *Dry Creek II.* *Id.*

and that there is no independent federal question jurisdiction. The dismissal of this action for lack of subject matter jurisdiction is without prejudice to the right of Plaintiff to pursue an action in the state courts of South Dakota as may be allowed by the applicable gaming compact between the Tribe and the State of South Dakota. Accordingly,

IT IS ORDERED: that Defendant's Motion to Dismiss, Docket No. 3, is granted.

### JUDGMENT

In accordance with the Memorandum Opinion and Order filed this date with the Clerk,

IT IS ORDERED, ADJUDGED AND DECREED that Defendant's motion to dismiss is granted, and judgment shall be entered for Defendant and against Plaintiff, without prejudice.