**Emilia ROMANELLA, Plaintiff–Appellant,**

**v.**

**Richard HAYWARD; Mashantucket Pequot Tribal Nation, a federally recognized tribe that owns reservation lands and non-reservation lands in Ledyard, Connecticut; Richard Libby, Director of Maintenance, Defendants–Appellees.**

**No. 1366, Docket 96–9222.**

United States Court of Appeals, Second Circuit.

Argued May 12, 1997.

Decided May 23, 1997.

---

Robert I. Reardon, The Reardon Law Firm, P.C., New London, for Plaintiff–Appellant.

David S. Williams, Brown, Jacobson, Tillinghast, Lahan & King, P.C. (Elizabeth Conway, of counsel), Norwich, for Defendants–Appellees.

Before: CARDAMONE and WINTER, Circuit Judges, and ROSS, District Judge.*

PER CURIAM:

■ Emilia Romanella appeals from Judge Nevas's dismissal of her negligence action on grounds of lack of diversity jurisdiction and Indian tribal sovereign immunity. We agree that an Indian tribe is not a citizen of any state for purposes of diversity jurisdiction and affirm for substantially the reasons stated by the district court. *See Romanella v. Hayward*, 933 F.Supp. 163, 165–67 (D.Conn. 1996). The district court was correct in treating the tribe as an indispensable party and holding that it could exercise diversity jurisdiction only if the tribe—whose reservation is wholly located in Connecticut—were a citizen of Connecticut. *Id.* at 166. Because the lack of diversity of citizenship is a fatal bar to the exercise of jurisdiction, we need not reach the question of whether sovereign immunity would bar Romanella's suit.

■ We write further only to underline that the conclusion that an Indian tribe is not a citizen of any state is reinforced by the requirement that we strictly construe the diversity statute. *See Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934); *see also Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1428 (2d Cir.1997). Romanella asks us to treat the tribe as an unincorporated association, but in light of Indian tribes' status as " 'distinct, independent political communities, retaining their original natural rights,' " *Reich v. Mashantucket Sand & Gravel*, 95 F.3d 174, 178 (2d Cir.1996) (quoting *Worcester v. Georgia*, 31 U.S. (6 Pet.) 515, 559, 8 L.Ed. 483 (1832), and

citing *Cherokee Nation v. Georgia*, 30 U.S. (5 Pet.) 1, 16, 8 L.Ed. 25 (1831)), and their "unique status as ... aboriginal entit[ies]" antedating the federal government, *id.*, it is doubtful at best whether an Indian tribe could be considered a citizen of any state. Indeed, other domestic sovereigns—i.e. the states themselves—cannot sue or be sued in diversity. Because the case for considering an Indian tribe a citizen of a state is tenuous at best, the diversity statute's provision for suits between citizens of different states, 28 U.S.C. § 1332(a), strictly construed, cannot be said to embrace suits involving Indian tribes.

Nor is this result unusual. We have found a lack of jurisdiction based on a strict construction of the diversity statute even where the Congressional rationale for not providing for diversity jurisdiction is far less clear than in this case. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990) (holding that diversity fails in suit involving United States citizens domiciled abroad). Romanella argues that our construction of the diversity statute deprives her of any judicial remedy. However, assuming *arguendo* that Romanella's suit is not barred by tribal sovereign immunity, there is no reason that she cannot seek relief in state court. If, on the other hand, the Connecticut state courts would for any reason deny relief, then we also must deny relief. *See Angel v. Bullington*, 330 U.S. 183, 191–92, 67 S.Ct. 657, 661–62, 91 L.Ed. 832 (1947) (holding that federal court sitting in diversity must follow state law and policy and therefore cannot give that which state has withheld).

We therefore affirm.

---

* Honorable Allyne R. Ross, of the United States District Court for the Eastern District of New York, sitting by designation.