**Hung Duc BUI, Plaintiff–Appellant,**

v.

**IBP, INC., Defendant–Appellee.**

No. 01–3168.

United States Court of Appeals,
Tenth Circuit.

April 22, 2002.

**654**

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

■ Plaintiff appeals from the district court's orders granting summary judgment to defendant on claims of employment discrimination, dismissing without prejudice a state-based claim of retaliation, and denying plaintiff's motion to alter or amend the judgment. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291.[1] After reviewing the record on appeal and considering the parties' arguments in light of the applicable law and standards, we conclude the district court correctly decided this case and we affirm.

■ The district court ruled that plaintiff had failed in his burden to plead a prima facie case in his discrimination claims. We review the court's grant of summary judgment to defendant on the

discrimination claims de novo, *see Munoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir.2000), and we agree with the district court's ruling. Contrary to counsel's repeated arguments, defendant was not required to support its summary judgment motion with evidence negating plaintiff's prima facie case of discrimination under these statutes. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mitchell v. City of Moore*, 218 F.3d 1190, 1198 (10th Cir.2000). Further, counsel is incorrect in implying that plaintiff is excused from satisfying the fourth element of his prima facie cases as a result of the Supreme Court's decision in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). That case held only that a plaintiff claiming termination as a result of age discrimination need not show that he or she was replaced by someone outside the protected class to state a prima facie case. *Id.* at 312, 116 S.Ct. 1307. Since the *O'Connor* decision, this court has clearly set forth these elements. *See Munoz*, 221 F.3d at 1165, 1166 (stating fourth element of Title VII termination case as "the job was not eliminated after [plaintiff's] discharge"); *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 558 (10th Cir.1996) (stating fourth element of ADEA termination case as "a younger person replaced [plaintiff]"). "'As the very name prima facie case sug-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Although dismissals without prejudice are not usually considered final decisions, and therefore not appealable, "where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."

*Amazon, Inc. v. Dirt Camp, ·Inc.*, 273 F.3d 1271, 1275 (10th Cir.2001). Where, as here, the district court dismissed a state claim without prejudice after granting summary judgment on the federal claims, and where the dismissal without prejudice was not sought by plaintiff for purposes of manufacturing finality, we may exercise appellate jurisdiction. *See id.* & n. 4 (citing a *Jarvis v. Nobel/Sysco Food Servs. Co.*, 985 F.2d 1419, 1424 (10th Cir.1993) and *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir.1992)).

gests, there must be at least a logical connection between *each element* of the prima facie case and the illegal discrimination for which it establishes a legally mandatory, rebuttable presumption.'" *Greene,* 98 F.3d at 558 (quoting *O'Connor,* 517 U.S. at 311–12, 116 S.Ct. 1307) (further quotation omitted) (emphasis added). Seeing no evidence on the fourth elements of plaintiff's federal discrimination claims, the district court properly granted summary judgment to defendant.

■ The district court dismissed plaintiff's state-based retaliation claim for lack of subject matter jurisdiction after ruling that counsel failed to allege adequate facts to establish diversity jurisdiction. "We review de novo the district court's subject matter jurisdiction determination." *Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir.1993). Counsel's argument that the rule prohibiting parties from waiving or stipulating to jurisdiction applies only "to situations in which there is no jurisdiction," Aplt. Br. at 31, borders on frivolousness. His attempts to place the burden on the court and magistrate judge to insure that adequate jurisdictional facts were pleaded and included in the final pretrial order ignore applicable law. The district court correctly dismissed plaintiff's retaliation case without prejudice for lack of subject matter jurisdiction.

■ Plaintiff also challenges the district court's denial of his motion to alter or amend the judgment, and takes issue with the district court's decision not to permit amendment of the pretrial order, decisions we review for abuse of discretion only. *See Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000); *Koch v. Koch Indus., Inc.,* 203 F.3d

1202, 1222 (10th Cir.2000). Because we see no merit in any of the arguments plaintiff preserved and argued on appeal,[2] we also conclude that the district court did not abuse its discretion in denying plaintiff's motion to alter or amend the judgment. Its decision not to allow plaintiff leave to amend the pretrial order was also correct, based on counsel's ample opportunity to correct his defective jurisdictional allegations after the district court *sua sponte* dismissed the state retaliation claim for lack of subject matter jurisdiction. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (stating amendment may be denied where "the party had sufficient opportunity to [meet the applicable standard] and failed") (further quotation omitted). Indeed, although counsel now maintains that the district court should have allowed him leave to amend the pretrial order under both Fed.R.Civ.P. 16(e) and 28 U.S.C. § 1653, *see* Aplt. Br. at 36, at no time did counsel invoke these authorities or seek leave to amend.

Finally, as did the district court, we feel compelled to comment on counsel's arguments. His legal theories evidence a persistent misunderstanding of the burden-shifting analysis applicable to cases brought under both Title VII and the ADEA and his responsibility to plead adequate jurisdictional facts. His contentions on appeal ignore the patient and well-reasoned analysis by the district court and unjustly criticize the court for following the applicable law. Many of counsel's arguments are undisguised attempts to shift the burden of adequately pleading his client's case to either the court or defendant, in an effort to excuse his own failure. At no time did counsel admit error or seek

---

**2.** To the extent that plaintiff's brief raises arguments not presented to the district court, we decline to consider them. *See Walker v.*

*Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992).

leave to correct it, electing instead to defend his position with meritless legal argument and contentions that the district court did not properly warn him of any omissions in his pleading. "No matter how often they are made to feel the part, our brothers and sisters on the district court bench should not be cast in the role of stage director of the litigation drama—forced to prod the actors through rehearsals until the proper performance is achieved." *Mitchell,* 218 F.3d at 1199.

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons set forth in the district court's orders dated February 7, 2001, and May 3, 2001.

