UNITED STATES of America,
Plaintiff,

v.

Neal D. KASPER, et al., Defendants.

No. 12–CR–413 MV.

United States District Court,
D. New Mexico.

Signed Nov. 6, 2014.

Paula G. Burnett, U.S. Attorney's Office, Albuquerque, NM, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

MARTHA VAZQUEZ, District Judge.

**THIS MATTER** is before the Court on Pueblo of Laguna's Motion for Speedy Trial and Request to be heard Under the Crime Victim [sic] Rights Act [Doc. 136] and Request for Entry of Order Granting Pueblo of Laguna's Motion to Participate as a Victim Under the Crime Victim's [sic] Rights Act [Doc. 145]. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion must be DENIED.

## BACKGROUND

The underlying prosecution in this criminal case concerns the "Defendants' allegedly criminal conduct in the course of their employment by Laguna Construction Company, Inc. ('LCC' or 'the Company')." Doc. 136 at 1. As a result of this alleged misconduct, "LCC has been forced out of business" and is currently "in the process of dissolving." *Id.* at 2. Pueblo of Laguna ("Laguna"), a federally-recognized tribal government and the sole shareholder of LCC, now moves this Court for recognition as a "crime victim" under the Crime Victims' Rights Act ("CVRA") in order to exercise the participatory rights conferred by the statute, including the right to proceedings free from "unreasonable delay." *See* 18 U.S.C. § 3771(a)(7).

## DISCUSSION

Laguna avers that it is a "crime victim" for the purposes of the CVRA because "a victim is a person directly and proximately harmed as a result of the federal criminal offense." Doc. 136 at 3 (citing 18 U.SC. § 3771(e)). "Person" is not specifically defined in the CVRA and therefore incorporates the general definition found in the Dictionary Act, which includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. Laguna falls into none of these categories; rather, as a federally-recognized tribal government, it is a "domestic dependent nation[ ]" that "exercise[s] inherent sovereign authority." *Michigan v. Bay Mills Indian Community*, —— U.S. ——, 134 S.Ct. 2024, 2030, 188 L.Ed.2d 1071 (2014) (internal quotation marks omitted).

Barring some "affirmative showing of statutory intent to the contrary" courts have long presumed that " 'person' does not include the sovereign." *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780–81, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). *See also, e.g., Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.") (modifications original) (quoting *Wilson v. Omaha Tribe*, 442 U.S. 653, 667, 99 S.Ct. 2529, 61 L.Ed.2d 153 (1979)) (in turn quoting *United States v. Cooper Corp.*, 312 U.S. 600, 604, 61 S.Ct. 742, 85 L.Ed. 1071 (1941)); *U.S. ex rel. Chandler v. Cook County, Ill.*, 277 F.3d 969, 975 n. 8 (7th Cir.2002) ("Given the sovereign status of states, Congress must do something more to bring states within the coverage of a federal law than enact a law aimed at

'persons,' even if that term is used in its broadest sense.").

This reading of "person" is buttressed by the Attorney General's guidance on this point, which expressly notes that neither the "federal government nor any state, local, tribal, or foreign government [n]or agency thereof fall[s] under the definition of crime victim for either mandatory services or court enforceable rights." OFFICE FOR VICTIMS OF CRIMES, OFFICE OF JUSTICE PROGRAMS, U.S. DEPARTMENT OF JUSTICE, NCJ 235121, ATTORNEY GENERAL GUIDELINES FOR VICTIM AND WITNESS ASSISTANCE 12 (2011). While not binding on this Court, the Attorney General's Guidelines serve to confirm the presumption that the CVRA does not deviate from the ordinary definition of "person."

Nothing about the CVRA or its context counsels a contrary result. *See* 1 U.S.C. § 1 (providing that the definitions of the Dictionary Act apply "unless the context indicates otherwise"). Indeed, Laguna does not cite, and research has not found, any authority that would support including sovereigns in the definition of "person" for the purposes of the mandatory service provisions or court-enforceable rights of the CVRA. Absent an "affirmative showing," the Court will not depart from the presumption that "person" excludes sovereigns, including federally-recognized tribal governments.

The Court is aware of the line of decisions holding that governmental entities and sovereigns may qualify for restitution under the Mandatory Victims Restitution Act ("MVRA") and the Victim and Witness Protection Act ("VWPA"). The Court finds these cases inapposite. First, the MVRA expressly makes reference to instances in which the United States is a victim; the CVRA does not. *See U.S. v. Ekanem*, 383 F.3d 40, 42–44 (2d Cir.2004). Second, this broader interpretation of the

MVRA and VWPA is supported by their statutory goal of expanding the availability of restitution, which is equally applicable to governments and individuals; the same cannot be said of the participatory and protective rights in the CVRA. *Cf. U.S. v. Schmidt,* 675 F.3d 1164, 1169 (8th Cir. 2012). Finally, the Attorney General's Guidelines appear to draw the same distinction between participatory rights and restitution. *See* ATTORNEY GENERAL'S GUIDELINES FOR VICTIM AND WITNESS ASSISTANCE 12 (explaining that while governmental entities do not qualify as crime victims under the CVRA, they "may qualify for restitution under federal restitution statutes").

Finally, this Court declines to find that Laguna is "participating in these proceedings in its capacity as sole owner and shareholder's representative of LCC." Doc. 150 at 5. A shareholder, even a sole shareholder, is not a corporation. *See Dole Food Co. v. Patrickson,* 538 U.S. 468, 474, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003) (noting that a "basic tenet of American corporate law is that the corporation and its shareholders are distinct entities"); *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 163, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001) ("the employee and the corporation are different 'persons,' even where the employee is the corporation's sole owner."). The Pueblo of Laguna and LCC are not the same legal entity; in fact, LCC's charter, cited by Laguna, states that it is "distinct and separate from the Pueblo." Doc. 150–2 at 2. *Cf. Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir.1993) (discussing the difference between a "tribe's constitutional rather than corporate entity" for purpose of diversity jurisdiction).

The Court will not ignore this distinction. While it is possible that Laguna is empowered to act for LCC, both Laguna's initial motion and its reply were submitted on behalf of the Pueblo, rather than LCC, such that no motion on behalf of LCC is properly before this Court.

## CONCLUSION

Laguna does not qualify as a "crime victim" for the purposes of the CVRA.

**IT IS THEREFORE ORDERED** that Laguna's motion [Doc. 136] and request for an order [Doc. 145] are DENIED.