Joseph ABDO, Jr., Plaintiff,

v.

FORT RANDALL CASINO and
The Yankton Sioux Tribe,
Defendants.

Civ. No. 96–4193.

United States District Court,
D. South Dakota,
Southern Division.

March 10, 1997.

Bruce V. Anderson, Wagner, SD, A. Russell Janklow, Chad W. Swenson, Johnson, Heidepriem, Miner & Marlow, Sioux Falls, SD, for Plaintiff.

James G. Abourezk, Abourezk Law Offices, Sioux Falls, SD, for Defendant.

MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Plaintiff Joseph Abdo, Jr. ("Abdo"), a former manager of the defendant Fort Randall Casino ("casino") operated by the defendant Yankton Sioux Tribe ("the Tribe"), brought this action after the Tribe terminated his employment. Abdo claims that the defendants breached their employment contract and wrongfully terminated his employment. The Tribe moves to dismiss the action, Doc. 3, on the grounds that the Tribe is immune from suit under the doctrine of sovereign immunity and that there is no federal jurisdiction over Abdo's claims. For the reasons set forth below, the Tribe's motion to dismiss is denied.

## I. Background

Abdo is a resident of the State New Mexico and the defendants Fort Randall Casino and Yankton Sioux Tribe reside within the established boundaries of the Yankton Sioux Reservation in the State of South Dakota. The Tribe owns and operates the casino pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701–2721, and a contractual Gaming Contract with the State of South Dakota.

On July 21, 1993, Abdo alleges that the defendants contractually agreed to extend his employment as General Manager of the casino for a period of three years, commencing in July, 1993, and ending in March, 1996, with an annual salary of $80,000. The written Employment Agreement is not signed by either Abdo, the Chairman of the Tribe's Business and Claims Committee, or the Secretary of the Tribe's Business and Claims Committee. (Doc. 6, Exhibit 1.) Nevertheless, Abdo alleges that the General Council of the Tribe ("General Council") approved the employment agreement by a member vote on July 21, 1993. (Doc. 6, Exhibit 2.)

Abdo alleges that from July 21, 1993, through February 28, 1994, he performed his managerial duties and responsibilities under the terms of the contract. On February 28, 1994, the General Council passed Resolution No. 94–22, which terminated Abdo's employment as casino manager. (Doc. 6, Exhibit 3.)

Pursuant to section 14 of Employment Agreement, Abdo brought this lawsuit in federal court for breach of contract and wrongful termination. Abdo asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

## II. Discussion

### DIVERSITY JURISDICTION

██ There is no diversity jurisdiction in this case because Indian tribes are not citizens of any state for purposes of diversity jurisdiction. *See Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir.1993) (citing *Standing Rock Sioux Indian Tribe v. Dorgan,* 505 F.2d 1135, 1140 (8th Cir.1974); *Oneida Indian Nation v. Oneida County,* 464 F.2d 916, 922–23 (2nd Cir.1972), *rev'd on other grounds,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)); *Calvello v. Yankton Sioux Tribe,* 899 F.Supp. 431, 435 (D.S.D. 1995). Likewise, there is no diversity jurisdiction over the tribally owned and operated casino. *See Gaines,* 8 F.3d at 730; *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.,* 797 F.2d 668, 673 (8th Cir.1986) (holding that there is no diversity jurisdiction over an entity organized under tribal ordinance to conduct business on the Tribe's behalf). Therefore, Abdo may not sue either the Tribe or the casino in federal court on the basis of diversity jurisdiction. *See Standing Rock Sioux Tribe,* 505 F.2d at 1140; *Calvello,* 899 F.Supp. at 435.

### FEDERAL QUESTION JURISDICTION

██ The validity of the employment agreement is the focus of this dispute. Abdo alleges that the unexecuted employment agreement is a valid Indian gaming management contract governed by the provisions of the IGRA. Abdo claims that:

> by approving Abdo's Contract, which on its face appears to be a management contract [originating under Section 2711 of the IGRA], the General Council validated the Contract's status as a management contract arising pursuant to the IGRA. Consequently, Abdo's Contract was in full force and effective at the time the Defendants wrongfully terminated their management agreement with Abdo.

Plaintiff's Brief in Response to Defendant's Motion to Dismiss ("Plaintiff's Response Brief"), Doc. 6 at 4–5 (citing *Calvello,* 899 F.Supp. at 436 (citing *A.K. Management Co. v. San Manuel Band of Mission Indians,* 789 F.2d 785, 789 (9th Cir.1986))). According to Abdo, federal question jurisdiction exists to determine whether the contract at issue is an employment contract not covered by the IGRA or a management contract under the IGRA. Plaintiff's Response Brief, Doc. 6 at 5 (citing *Calvello,* 899 F.Supp. at 435 (citing *Tom's Amusement Co. v. Cuthbertson,* 816 F.Supp. 403, 406 (W.D.N.C.1993))).

The Tribe, on the other hand, contends that federal question jurisdiction is lacking because this case is simply an employment dispute between a person and the Tribe. Defendant's Brief in Support of Motion to Dismiss ("Defendant's Brief"), Doc. 4 at 8 (citing *GNS, Inc. v. Winnebago Tribe of Nebraska,* 866 F.Supp. 1185, 1188–91 (N.D.Iowa 1994)). The Tribe contends that "Abdo's contract, if one exists, is merely an employment agreement, and does not fall under the rubric of the Indian Gaming Regulatory Act." Defendant's Brief, Doc. 4 at 9 (citing *Calvello,* 899 F.Supp. at 436).

The Court finds the decision by the Eighth Circuit Court of Appeals in *Bruce H. Lien Co. v. Three Affiliated Tribes,* 93 F.3d 1412 (8th Cir.1996), dispositive on the issues presented in this case. As the Eighth Circuit concluded, the underlying issues regarding the contract's validity must first be resolved in tribal court:

"The deference that federal courts afford tribal courts concerning [tribal-related] activities occurring on reservation land is deeply rooted in Supreme Court precedent. Because a federal court's exercise of jurisdiction over matters relating to reservation affairs can impair the authority of tribal courts, the Supreme Court has concluded that, as a matter of comity, the examination of tribal sovereignty and jurisdiction should be conducted in the first instance by the tribal court itself."

*Id.* at 1420 (quoting *Duncan Energy v. Three Affiliated Tribes,* 27 F.3d 1294, 1299 (8th Cir.1994) (citing *National Farmers Union Ins. Co. v. Crow Tribe of Indians,* 471 U.S. 845, 856, 105 S.Ct. 2447, 2453, 85 L.Ed.2d 818 (1985))).

Supreme Court and Eighth Circuit Court of Appeals precedent requires exhaustion of tribal court remedies in matters related to reservation affairs. *Bruce H. Lien Co.,* 93 F.3d at 1420 (citing *Reservation Tel. Coop. v. Three Affiliated Tribes,* 76 F.3d 181, 184 (8th Cir.1996)). Similar to the factual scenario presented in *Bruce H. Lien Co.,* the instant case involves the Yankton Sioux Tribe and the tribally owned and operated Fort Randall Casino, and the dispute arises from Tribal governmental activity involving a project located within the borders of the reservation. Moreover, any questions regarding validity of the contract under applicable tribal law are issues "relating to the Tribal Court's jurisdiction which should be dealt with first by the Tribal Court itself." *Bruce H. Lien Co.,* 93 F.3d at 1420–21 (citing *Duncan Energy,* 27 F.3d at 1299). Under these facts, as the Eighth Circuit concluded in *Bruce H. Lien Co.,* "exhaustion of tribal court remedies is especially appropriate." 93 F.3d at 1420 (citing *Duncan Energy,* 27 F.3d at 1300; *United States v. Turtle Mountain Hous. Auth.,* 816 F.2d 1273, 1276 (8th Cir.1987)). This dispute arises on the Yankton Sioux Reservation and raises questions of tribal law and jurisdiction that should first be presented to the tribal court. *See Bruce H. Lien Co.,* 93 F.3d at 1420; *Duncan Energy,* 27 F.3d at 1300.[1]

█ Furthermore, none of the exceptions to the exhaustion requirement enumerated by the Supreme Court in *National Farmers Union* are present in this case.[2] In addition,

---

1. The claims in this case are also similar to those raised in *Calvello v. Yankton Sioux Tribe,* 899 F.Supp. 431 (D.S.D.1995). In that case, however, tribal exhaustion was not argued, nor was a stay requested to allow the Tribal Court to first address the issues raised.

2. Exhaustion of tribal remedies is not necessary where: (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) the action is patently violative of express jurisdictional prohibitions; or (3) exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's

the Eighth Circuit Court of Appeals has specifically held that the IGRA has not preempted the field of Indian gaming so as to except the tribal court exhaustion requirement in these circumstances. *Bruce H. Lien Co.,* 93 F.3d at 1421; *cf. Gaming Corp. Of America v. Dorsey & Whitney,* 88 F.3d 536 (8th Cir. 1996) (holding that the IGRA is sufficiently comprehensive to preempt *state* law).

■ Therefore, this Court has federal question jurisdiction in this case for three reasons. First, the dispute involves the manager of an IGRA regulated Indian gaming casino and the Yankton Sioux Tribe. *See Gaming Corp. Of America,* 88 F.3d at 550 (preemptive scope of the IGRA encompasses claims involving tribe's relationship with agents it hires to assist in the process of regulated gaming). Second, the parties dispute whether Abdo's contract is a management contract under the IGRA or an employment contract that is not covered by the IGRA. *See Calvello,* 899 F.Supp. at 435. Third, this case is being directed to the Tribal Court and exhaustion within that system. *See Bruce H. Lien Co.,* 93 F.3d at 1421–22 (the existence of tribal court jurisdiction itself presents a federal question within the scope of 28 U.S.C. § 1331) (citing *Iowa Mutual Ins. Co. v. LaPlante,* 480 U.S. 9, 15, 107 S.Ct. 971, 976, 94 L.Ed.2d 10 (1987)).

The Court further finds that the orderly administration of justice requires that any further proceedings in this Court be stayed pending the determination by the Tribal Court of that court's jurisdiction and the legal validity of the management contract under applicable tribal law.

### SOVEREIGN IMMUNITY

■ The Tribe also asserts sovereign immunity as a grounds for dismissal. Because the motion to dismiss is denied on the grounds of comity and failure to exhaust tribal court remedies, the Court declines to reach the sovereign immunity issue. *See Bruce H. Lien Co.,* 93 F.3d at 1422 n. 15.

Therefore, upon the record herein,

IT IS ORDERED:

(1) That defendant's Motion to Dismiss, Doc. 4, is denied.

(2) That further proceedings in this Court are stayed pending the prompt determination of the contract issues, but not the IGRA issues, presented in this case by the Tribal Court.

jurisdiction. *National Farmers Union,* 471 U.S. at 856 n. 21, 105 S.Ct. at 2454 n. 21.