*213
SUMMARY ORDER

Plaintiff Joe Frazier appeals from orders of the District Court for the Northern District of New York (Scullin, J.) dismissing claims against certain defendants-appellees and granting summary judgment in favor of other defendants-appellees. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
The district court correctly ruled that it lacked subject matter jurisdiction to hear this case on either federal question or diversity grounds. Frazier v. Turning Stone Casino, 254 F.Supp.2d 295, 302-05 (N.D.N.Y.2003).* Out of an excess of caution, the district court went on to rule on the merits of the case.
An Indian Tribe is not a citizen of any state for the purposes of diversity jurisdiction. Romanella v. Hayward, 114 F.3d 15, 16 (2d Cir.1997); Frazier, 254 F.Supp.2d at 304. (“[T]he Court cannot assert diversity jurisdiction over this action as long as the Oneida Indian Nation (“Oneida Nation”) and the Casino are Defendants.”). Because an Indian Tribe is not a citizen of any state, the Oneida Nation’s presence as a party bars a federal court from hearing the matter under its diversity jurisdiction. Romanella, 114 F.3d at 16 (“[T]he diversity statute’s provisions for suits between citizens of different states, 28 U.S.C. § 1332(a), strictly construed, cannot be said to embrace suits involving Indian tribes.”); see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (holding that one stateless party destroys diversity jurisdiction). This accords with the treatment of other domestic sovereigns, such as states, which cannot sue or be sued in diversity. Romanella, 114 F.3d at 16. Given the continued presence of the Oneida Nation in this suit, the district court lacked subject matter jurisdiction to hear this case. We therefore remand with instructions to dismiss the matter.
Federal Rule of Civil Procedure 21 allows for a court at any stage of a litigation, including a court of appeals on its own authority, to dismiss parties in order to retain diversity jurisdiction. Fed.R.Civ.P. 21 (“Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.”). Nothing in this provision mandates that a court of appeals take action and neither party has moved for us to do so. We decline to exercise this power here to salvage jurisdiction.
The dismissal of this suit from federal court does not foreclose all relief against the tribe, its casino, and its agents. The Oneida Nation has a trial and appellate court system staffed by former New York Court of Appeals Judges Stewart Hancock and Richard Simons. FACT SHEET: The Oneida Nation Court, http://www. oneidaindiannation.com/pressroom/ factsheets/26965674.html (last visited October 2, 2009). To the extent Frazier has live claims against the tribe, its casino, or the casino’s employees, he could attempt to bring them there.

 Frazier does not appeal that this court lacks federal question jurisdiction.