Kenny PAYNE, on Behalf of the Estate of Betty Sue Hamrick and all Wrongful Death Beneficiaries of Betty Sue Hamrick, Plaintiff

v.

MISSISSIPPI BAND OF CHOCTAW INDIANS, Mississippi Band of Choctaw Indians d/b/a Choctaw Resort Development Enterprise, Choctaw Resort Development Enterprise, Inc., Pearl River Resort, Silver Star Casino Resort and John Does 1 through 10, Defendants

CIVIL ACTION NO. 3:15CV105TSL–RHW

United States District Court,
S.D. Mississippi,
Northern Division.

Signed April 17, 2015

Heber S. Simmons, III, Simmons Law Group, PA, Ridgeland, MS, for Plaintiff.

Charles P. Copeland, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

Tom S. Lee, UNITED STATES DISTRICT JUDGE

This cause is before the court on the motion of defendants Mississippi Band of Choctaw Indians d/b/a Choctaw Resort Development Enterprise, to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Kenny Payne, on behalf of the Estate of Betty Sue Hamrick and all wrongful death beneficiaries of Betty Sue Hamrick, has responded in opposition to the motion. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

The Mississippi Band of Choctaw Indians, through the Choctaw Resort Development Enterprise, owns and operates Pearl River Resort, which includes the Silver Star Hotel and Casino located in Philadelphia, Mississippi. According to the allegations of the complaint in this cause, on July 29, 2014, Betty Sue Hamrick slipped and fell in a restroom at the Silver Star Casino, sustaining bruises and a fractured shoulder. Three days later, she was found dead in her home in Alabaster, Alabama. The death certificate reflected the cause of death as a probable pulmonary embolus resulting from her fractured shoulder.

Contending that Betty Sue Hamrick's slip and fall and, ultimately her death, were caused by the negligent maintenance of the casino bathroom, Hamrick's son Kenny Payne filed the present wrongful death action in this court on February 17, 2015, naming as defendants Mississippi Band of Choctaw Indians d/b/a Choctaw Resort Development Enterprise, Choctaw Resort Development, Inc., Pearl River Resort and Silver Star Casino. Payne, a citizen of Alabama, asserted diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for federal jurisdiction. In response to the complaint, defendant Mississippi Band of Choctaw Indians d/b/a Choctaw Resort Development Enterprise filed its motion to dismiss, contending that since Mississippi Band of Choctaw Indians d/b/a Choctaw Resort Development Enterprise is a federally recognized Indian tribe, it is not a citizen of any State for purposes of diversity jurisdiction and there thus does not exist any basis for the exercise of diversity jurisdiction in this case.

The federal courts are courts of limited jurisdiction, possessing only such power as authorized by the Constitution and by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria,* 739 F.3d 255, 257 (5th Cir.2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). " 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.' " *Id.* (quoting *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673). In a case that does not concern a federal question, the party seeking to invoke federal jurisdiction bears the burden of establishing jurisdiction based on diversity of citizenship in accordance with 28 U.S.C. § 1332. *Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F.3d 636, 638 (5th Cir.2003). This means plaintiff must establish that complete diversity exists, for without it, this court does not have subject matter jurisdiction over this action.

The diversity jurisdiction statute, 28 U.S.C. § 1332, states in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

It is settled that Indian tribes are not foreign states. *See Cherokee Nation v. Georgia,* 5 Pet. (30 U.S.) 1, 16–18, 8 L.Ed. 25 (1831). Further, while there are no Supreme Court or Fifth Circuit cases addressing the issue, virtually all courts that have considered the issue have held that Indian tribes are not citizens of any state for the purpose of diversity jurisdiction. As one court explained,

The status of Indian tribes as sovereign entities, and as federal dependents, contradicts conventional notions of citizenship in general and state citizenship in particular. A citizen is "[a] person who ... is a member of a political community, owing allegiance to the community and being entitled to enjoy all its civil rights and protections...." Tribes fall outside this definition. Rather than belonging to state political communities, they themselves are "distinct, independent political communities." Tribes also owe no allegiance to a state ... Moreover, tribal sovereignty and federal plenary power over Indian affairs, taken together, sharply circumscribe the power of the states to impose citizen-like responsibilities on Indian tribes.

*Am. Vantage Cos., Inc. v. Table Mountain Rancheria,* 292 F.3d 1091, 1096 (9th Cir. 2002) (internal citations omitted). *See also Frazier v. Brophy,* 358 Fed.Appx. 212, 213 (2d Cir.2009) (conclusion that Indian tribe is not a citizen of any state "accords with the treatment of other domestic sovereigns, such as states, which cannot sue or be sued in diversity"); *Altheimer & Gray v. Sioux Mfg. Corp.,* 983 F.2d 803, 812 (7th Cir.1993) (explaining that "Indian tribes are considered 'domestic dependent nations' which exercise inherent sovereign authority over their members and territories.") (citations omitted). Tribes are thus viewed as "stateless" entities that may not sue or be sued in federal court under § 1332. *See Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Economic Dev. Corp.,* 658 F.3d 684, 692–93 (7th Cir. 2011) ("[M]ost courts agree that Indian tribes are not citizens of any state for purposes of the diversity statute and therefore may not sue or be sued in federal court under § 1332."); *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Constr. Co.,* 607 F.3d 1268, 1276 (11th Cir.2010) ("[T]he majority view—followed by every court of appeals that has addressed the issue—is that unincorporated Indian tribes cannot sue or be sued in diversity under 28 U.S.C. § 1332(a)(1) because they are not citizens of any state."), *cert. denied,* 564 U.S. 1018, 131 S.Ct. 3022, 180 L.Ed.2d 844 (2011); *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Housing Auth.,* 207 F.3d 21, 27 (1st Cir. 2000) ("T]he presence of an Indian tribe destroys complete diversity" because "[a]n Indian tribe ... is not considered to be a citizen of any state" and consequently "is analogous to a stateless person for jurisdictional purposes."); *Romanella v. Hayward,* 114 F.3d 15, 16 (2d Cir.1997) ("[A]n Indian tribe is not a citizen of any state...."); *Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir.1993) ("Indian tribes are

not citizens of any state for purposes of diversity jurisdiction."); *Standing Rock Sioux Indian Tribe v. Dorgan*, 505 F.2d 1135, 1140 (8th Cir.1974) ("[I]t is clear that an Indian tribe is not a citizen of any state and cannot sue or be sued in federal court under diversity jurisdiction ...."); *see also Victor v. Grand Casino–Coushatta*, Civ. No. 2:02–CV–2348 (W.D.La. June 27, 2003)("[A]n Indian tribe is not considered to be a citizen of any state for purposes of diversity jurisdiction."); 13D Charles Alan Wright *et al., Federal Practice and Procedure* § 3579 (3d ed. 2011) ("Ordinarily, it will be difficult for cases involving Indian tribes to invoke diversity of citizenship jurisdiction under 28 U.S.C.A. § 1332(a)(1), because the better view— adopted by every court of appeals to address the question—is that a tribe is not a citizen of any state.").

For his part, plaintiff does not dispute that the Mississippi Band of Choctaw Indians (the Tribe) is not a citizen of Mississippi, or any other state, for diversity purposes. Nevertheless, he argues that diversity jurisdiction exists in this case because "tribal parties" of the Mississippi Band of Choctaw Indians which operate the Pearl River Resort and Silver Star Casino are citizens of Mississippi for purposes of diversity jurisdiction. These include the Choctaw Resort Development Enterprise and/or Choctaw Resort Development Enterprise, Inc., Pearl River Resort and Silver Star Hotel and Casino. However, even if all these named defendants were citizens of Mississippi, as contended by plaintiff, the court would lack diversity jurisdiction in view of the presence of the Tribe, a "stateless" entity, as a defendant. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"; *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); and

the presence of a "stateless" party operates as a "jurisdictional spoiler" that destroys complete diversity, *id.* at 829–30, 109 S.Ct. 2218. *See Frazier v. Brophy*, 358 Fed.Appx. 212, 213 (2d Cir.2009) (holding that "[b]ecause an Indian Tribe is not a citizen of any state, the Oneida Nation's presence as a party bars a federal court from hearing the matter under its diversity jurisdiction" as the presence of one stateless party destroys diversity jurisdiction); *Ninigret Dev. Corp.*, 207 F.3d at 27 (holding that "notwithstanding the joinder of other diverse parties, the presence of an Indian tribe destroys complete diversity"); *Grand Canyon Skywalk Dev. LLC v. Hualapai Indian Tribe of Arizona*, 966 F.Supp.2d 876, 881 (D.Ariz.2013) (same); *Inglish Interests, LLC v. Seminole Tribe of Florida, Inc.*, No. 2:10–cv–367–FtM–29DNF, 2011 WL 208289, at *3 (M.D.Fla. Jan. 21, 2011) (stating that "the presence of an Indian tribe as a party—essentially a 'stateless' entity—destroys diversity jurisdiction."); *CTGW, LLC v. GSBS, PC*, No. 09–cv–667–bbc, 2010 WL 2739963, at *2 (W.D.Wis. July 12, 2010) (holding that since "[a] court does not have diversity jurisdiction over a case in which a real party in interest is not a citizen of any state", "[i]t follows that, notwithstanding the presence of other diverse parties in a case, the presence of an Indian tribe that is a real party in interest destroys complete diversity."). In this case, the Tribe is not a mere nominal party but is a real party in interest. Consequently, there can be no diversity jurisdiction.

The court notes though, that even without the Tribe as a party, the court would lack diversity jurisdiction. Courts have held that "an entity incorporated under tribal law is the equivalent of a corporation created under state or federal law for diversity purposes" and therefore "should be analyzed for diversity jurisdiction purposes as if it were a state or federal corporation." *Cook v. AVI Casino Enters., Inc.*,

548 F.3d 718, 723 (9th Cir.2008) (internal quotation marks omitted). *See also Wells Fargo Bank,* 658 F.3d at 693 (failing to "discern any significant reason that corporations organized under tribal law and participating in economic transactions with individuals and businesses from a variety of states merit different jurisdictional treatment than their counterparts organized under state law" and thus holding that "a corporation chartered under Native American tribal law should be treated as a citizen of a state pursuant to § 1332(c)"); *Am. Vantage Cos.,* 292 F.3d at 1098 (holding that an entity incorporated under tribal law "is the equivalent of a corporation created under state or federal law for diversity purposes"); *Gaines,* 8 F.3d at 729 (explaining that a "tribe may ... charter a corporation pursuant to its own tribal laws, and such a corporation will be considered a citizen of a state for purposes of diversity jurisdiction"); *see also* 13D *Federal Practice & Procedure,* § 3579 (3d ed.) (explaining that while an Indian tribe is not a citizen of any state, an "Indian tribe or subdivision may incorporate ... in which case it may have state citizenship for diversity of citizenship purposes, just as any corporation."). In this case, however, no party is an incorporated tribal entity. While plaintiff purports to have sued "Choctaw Resort Development, Inc.", no such entity exists. Rather, as the Tribe has fully explained in its motion, the Silver Star Hotel and Casino where Betty Sue Hamrick was allegedly injured is a gaming facility owned and operated by the Tribe through an unincorporated tribal enterprise known as the Choctaw Resort Development Enterprise. In this regard, Choctaw Tribal Ordinance 56 recites as follows:

> WHEREAS, it is now and has always been the intent of the Tribal Council that these wholly owned Tribal business enterprises should operate as and be legally classified as unincorporated enterprises of the Mississippi Band of Choctaw Indians, d/b/a the particular Tribal enterprise, rather than as separate Tribally-chartered corporations; and,
>
> WHEREAS, there is a need to clarify the organizational status of all the Tribe's wholly owned business enterprises to ensure that they receive treatment as non-taxable enterprises of the Tribe and not be confused with or mistaken for separate Tribally-chartered corporations; and,
>
> \* \* \* \*
>
> Section 28. Special Provisions for Silver Star Resort and Casino.
>
> (a) The Silver Star Resort and Casino is an unincorporated enterprise of the Mississippi Band of Choctaw Indians administratively located within the Tribal Government Executive Branch. The resort and casino are wholly-owned developments of the Tribe and are currently operated without a separate board pursuant to a management contract and a state-tribal compact approved by the Secretary of the Interior pursuant to 25 U.S.C., Section 2701, *et. seq.* Nothing in this Ordinance shall be construed to alter the management and operational requirements of the Silver Star Resort & Casino pursuant to said compact and management contract. However, after enactment of this ordinance, the Silver Star Resort and Casino shall be administratively located within the Tribal Business Rnterprise Division of the Tribal Government Executive Branch.

Tribal Resolution CHO 00–010 provides, in pertinent part:

> 1. a new tribal business enterprise is hereby established, which shall be known as the Mississippi Band of Choctaw Indians d/b/a Choctaw Resort Development Enterprise;
>
> 2. the Choctaw Resort Development Enterprise is hereby established for the following purposes:

(A) to provide budgetary and operational management, coordination and oversight over all gaming operations conducted on the Choctaw Reservation; . . . .

Courts have consistently held that "an unincorporated arm of a tribe is not a citizen of any state." *Cook v. AVI Casino Enters., Inc.,* 548 F.3d 718, 722 (9th Cir. 2008). *See Auto–Owners Ins. Co. v. Tribal Court of the Spirit Lake Indian Reservation,* 495 F.3d 1017, 1021 (8th Cir.2007) (holding that an unincorporated school board operated by an Indian tribe and "considered a part of the Indian tribe" is not a citizen of a state); *Am. Vantage Cos.,* 292 F.3d at 1098 (holding that just as an unincorporated Indian tribe is not a citizen of any state within the meaning of § 1332(a)(1), "an unincorporated arm of the tribe, also is a stateless entity"); *Ninigret Dev. Corp.,* 207 F.3d at 27 (seeing "no reason why . . . an arm of the Tribe, not separately incorporated [ ] should be treated any differently [from the Tribe] for jurisdictional purposes" and thus holding that tribal housing authority should not be treated any differently from the Tribe for jurisdictional purposes"); *Abdo v. Fort Randall Casino,* 957 F.Supp. 1111, 1112 (D.S.D.1997) (finding there was no diversity jurisdiction "because Indian tribes are not citizens of any state for purposes of diversity jurisdiction" and further finding "there is no diversity jurisdiction over the tribally owned and operated casino").[1] Thus, like the Tribe, Choctaw Resort Development Enterprise, as an arm of the Tribe, is not a citizen for diversity purposes[2] and diversity jurisdiction is lacking.[3]

Therefore, it is ordered that the Tribe's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of April, 2015.

---

1. Plaintiff cites *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1226 (9th Cir.1989), as support for his position that "tribal parties may be found to be residents of the state in whose borders the reservation is located." In *Stock West,* however, the tribal parties at issue were a corporation created by the Indian tribe and a wholly owned subsidiary of the corporation. The court found there was diversity jurisdiction since "an Indian corporation is a citizen of the state in whose borders the reservation is located." *Id.* at 1226. *Stock West* adds nothing to plaintiff's position.

2. Plaintiff has also named as defendants Pearl River Resort and Silver Star Casino Resort. However, these are businesses owned and operated by the Tribe, not separate legal entities. However, even if they were separate legal entities, they would no more be citizens for diversity purposes than the Tribe itself.

3. In light of the court's conclusion on this issue, the court need not consider the additional arguments advanced by the Tribe in support of its motion to dismiss.