# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2020

Lyle W. Cayce
Clerk

No. 19-51123

Matthew Mitchell,

*Plaintiff—Appellant Cross-Appellee*,

*versus*

Orico Bailey,

*Defendant—Appellee*,

Hoopa Valley Tribe, *doing business as* Americorps Hoopa Tribal Civilian Community Corps,

*Defendant—Appellee Cross-Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-411

Before Owen, *Chief Judge*, and King and Engelhardt, *Circuit Judges*.
King, *Circuit Judge*:

Matthew Mitchell sued Orico Bailey and the Hoopa Valley Tribe in federal district court for violations of state tort and contract law. The district court, ruling on a 12(b)(1) motion to dismiss, found sovereign immunity barred suit against Bailey, in his official capacity, and the Hoopa Valley Tribe. The district court then dismissed the claims asserted against these parties

with prejudice. This appeal followed. Because we find the district court lacked original jurisdiction, we VACATE the judgment in part, AFFIRM the district court's order of dismissal in part, REVERSE in part, and REMAND with instructions to dismiss without prejudice.

## I.

Defendant-appellee cross-appellant Hoopa Valley Tribe ("Hoopa Valley") is a federally recognized Indian tribe. Hoopa Valley created the AmeriCorps Hoopa Tribal Civilian Community Corps ("Hoopa Tribal CCC") with a federal grant. Following severe floods and the resulting federal disaster declaration covering certain Texas counties, several AmeriCorps Disaster Response Teams, including Hoopa Tribal CCC, were deployed to Wimberley, Texas.

Plaintiff-appellant cross-appellee Matthew Mitchell, a Texas resident, was injured while participating in the Wimberley disaster-relief efforts. Mitchell's injuries were allegedly caused by defendant-appellee Orico Bailey's negligence. Bailey is a California citizen who, at all relevant times, was acting in his capacity as a member of the Hoopa Tribal CCC.

Mitchell filed suit in federal district court against Bailey and Hoopa Valley, to recover damages for his injuries. Mitchell asserted a negligence claim and a breach-of-contract claim against Hoopa Valley, and a negligence claim against Bailey. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Bailey and Hoopa Valley filed a motion to dismiss for lack of subject matter jurisdiction. They argued, *inter alia*, that Mitchell's claims against Hoopa Valley and Bailey were barred by sovereign immunity. Hoopa Valley and Bailey also filed a motion seeking to substitute the United States as the proper defendant.

The district court granted the Rule 12(b)(1) motion on the basis of sovereign immunity and dismissed with prejudice the claims asserted against Bailey, in his official capacity, and Hoopa Valley. Without addressing the

merits, the district court dismissed as moot the motion seeking to substitute the United States as the proper defendant. The district court then allowed any remaining individual capacity claims to proceed. The parties stipulated to the dismissal of such claims, the district court entered final judgment, and this timely appeal followed.

## II.

We review de novo a Rule 12(b)(1) dismissal, applying the same standards as the district court. *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 616 (5th Cir. 2020). And, we may affirm on any ground supported by the record, including one not reached below. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

The party asserting jurisdiction bears the burden of proof and must establish, by a preponderance of the evidence, that the court has jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

## III.

Although much of the district court's opinion and most of Mitchell's arguments on appeal center on the question of sovereign immunity, on cross-appeal, Hoopa Valley asserts that the district court lacked original jurisdiction. We agree and engage in analysis addressing all potential bases for original jurisdiction, rejecting each in turn. As we are free to affirm a Rule 12(b)(1) dismissal on any ground supported by the record, *see Ballew*, 668 F.3d at 781, we find no occasion to reach the issue of sovereign immunity.

## A.  Federal-Question Jurisdiction

We begin by addressing whether the district court had federal-question jurisdiction over this case and conclude that it did not.

Under 28 U.S.C. § 1331, a federal court has original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." To determine whether a claim arises under federal law, the court examines the "well pleaded" allegations of the complaint and "ignore[s] potential defenses." *Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6 (2003). The artful-pleading doctrine serves as a corollary to the well-pleaded complaint rule. *See Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012). Under the artful-pleading doctrine, a federal court may have federal-question jurisdiction over a state-law claim in only two circumstances: when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. *Anderson*, 539 U.S. at 8.

Mitchell's complaint does not allege any federal claims; his claims are limited to state-law negligence and breach-of-contract. On the face of Mitchell's complaint, there are no federal questions which might support federal-question jurisdiction. The prospect of a tribal sovereign immunity defense does not, in and of itself, "convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Okla. Tax Com'n v. Graham*, 489 U.S. 838, 841 (1989); *see TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999) ("Under the well-pleaded complaint rule, an anticipatory federal defense is insufficient for federal jurisdiction."). Ordinary negligence and breach-of-contract claims have not been completely pre-empted by any federal law, nor does the resolution of these claims turn on the answer of an important federal question. *Cf. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

Yet, Mitchell posits that because Bailey and Hoopa Valley sought to have the United States substituted as the proper defendant, pursuant to the

Westfall Act, 28 U.S.C. § 2679, the district court had federal-question jurisdiction over this case. Mitchell is incorrect.

To be sure, 28 U.S.C. § 2679(d)(2) "conclusively" vests federal jurisdiction over a suit against a federal employee who the Attorney General has certified "was acting within the scope of his office or employment." *Id.* And, under 28 U.S.C. § 2679(d)(3), "upon . . . certification by the court, such action or proceeding shall be deemed to be [one] brought against the United States . . . and the United States shall be substituted as the party defendant."

But make no mistake, the Westfall Act does not confer *independent jurisdiction* on a federal court to hear a certification petition at the request of a purported employee. *See Sanchez v. Beacon Info. Tech. & Staffing & Serv., LLC*, No. EP-08-CV-332-KC, 2009 WL 4877705, at *5 (W.D. Tex. Dec. 10, 2009) (citing *Osborn v. Haley*, 549 U.S. 225, 241 (2007)); *see also Moncrief v. Moncrief*, No. 4:98-CV-528-E, 1998 WL 567988, at *3, *5 (N.D. Tex. Aug. 3, 1998) ("[The defendant's] Petition for Certification is, in essence, a motion now pending before this Court rather than a new cause of action/lawsuit asserted by [the defendant] against the United States.") (collecting cases from the Fifth Circuit and sister circuits characterizing the certification process as a motion to substitute); *cf. Foster v. Hill*, 497 F.3d 695 (7th Cir. 2007); *B & A Marine Co. v. Am. Foreign Shipping Co.*, 23 F.3d 709 (2d Cir. 1994).

Here, it was Bailey and Hoopa Valley that moved, pursuant to the Westfall Act, to have the United States substituted as a proper defendant.[1]

---

[1] Under the Westfall Act, if an action is commenced in a federal court, and the Attorney General (or the court) certifies that the employee "was acting within the scope of his office or employment at the [relevant] time," the United States must be substituted as the defendant. 28 U.S.C. § 2679(d)(1). "If the action is launched in a state court, and the Attorney General makes the same certification, the action 'shall be removed' to the

No. 19-51123

The Attorney General never granted a certification in this case, and the district court never entertained the motion for certification at all. In short, there is no support for Mitchell's position that an unresolved motion, filed by Bailey and Hoopa Valley asserting a federal law as a defense, should vest the district court with original jurisdiction over the action.

Mitchell's arguments to the contrary notwithstanding, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 421 (1995), does not support the conclusion that Hoopa Valley's motion pursuant to the Westfall Act vested the court with jurisdiction. In *Lamagno*, unlike in this case, the federal district court had an independent source of original jurisdiction over the action. *Id.* Also unlike *Lamagno*, here, Mitchell was not challenging a certification made by the Attorney General. Rather, Mitchell opposed a motion for certification before the district court, arguing Bailey and Hoopa Valley were not acting as federal employees. Critically, Mitchell's complaint does not allege that Bailey was a federal employee covered by the Westfall Act. Nor does the complaint present any claims under the Westfall Act. Again, to be clear, the complaint does not implicate any issues arising under federal law.[2]

Looking to the well pleaded allegations of the complaint, ignoring potential defenses, and finding no applicable exception, the district court did not have federal-question jurisdiction over this case. We turn next to diversity jurisdiction.

---

appropriate federal district court, and again the United States must be substituted as the defendant." *Osborn*, 549 U.S. at 241 (quoting 28 U.S.C. § 2679(d)(2)).

[2] Mitchell also relied heavily on *Osborn v. Haley* to defend his position at oral argument. But *Osborn*'s holding on jurisdiction is inapposite to the case at bar. Specifically, on the "jurisdictional issues," *Osborn* concluded only "that the Attorney General's certification is conclusive for purposes of removal." *Osborn*, 549 U.S. at 231. It does not save Mitchell, here, and leaves our conclusions unaffected.

No. 19-51123

## B. Diversity Jurisdiction

For a district court's original jurisdiction to be properly premised on 28 U.S.C. § 1332, two requirements must be met. First, a statutorily-determined amount in controversy—at present, $75,000—must be at issue. 28 U.S.C. § 1332(b). And, next, there must be complete diversity between all parties. That is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). We start by addressing the parties' citizenship, and conclude Hoopa Valley is a stateless entity. Then, we examine the effect of naming a stateless entity as a party to the suit and conclude Hoopa Valley destroyed complete diversity.

### i.    *Indian tribes are stateless entities for the purpose of diversity jurisdiction.*

Although neither the Supreme Court nor the Fifth Circuit has squarely addressed this question, it appears all courts to have considered it agree: Indian tribes are not citizens of any state for the purpose of diversity jurisdiction. *See Am. Vantage Cos., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1096 (9th Cir. 2002); *see also Frazier v. Brophy*, 358 F. App'x 212, 213 (2d Cir. 2009) (concluding that an Indian tribe is not a citizen of any state). Tribes are thus viewed as "stateless entities" for purposes of an analysis under 28 U.S.C. § 1332. *See Wells Fargo Bank, Nat'l Ass'n v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 692-93 (7th Cir. 2011) ("[M]ost courts agree that Indian tribes are not citizens of any state for purposes of the diversity statute. . . ."); *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010) ("[T]he majority view— followed by every court of appeals that has addressed the issue—is that unincorporated Indian tribes . . . are not citizens of any state."); *Standing Rock Sioux Indian Tribe v. Dorgan*, 505 F.2d 1135, 1140 (8th Cir. 1974) ("[I]t is clear that an Indian tribe is not a citizen of any state and cannot sue or be

sued in federal court under diversity jurisdiction . . . .”); *Cf. Victor v. Grand Casino-Coushatta*, 359 F.3d 782, 785 (5th Cir. 2004) (noting, without analysis or comment, a district court's conclusion that a tribe was a stateless entity).

We are persuaded by the weight of authority from sister circuits. Hoopa Valley, a federally recognized Indian tribe, is to be considered a stateless entity when establishing whether there is complete diversity between all parties.

ii.    *Hoopa Valley's presence as a party to the suit destroyed complete diversity, and therefore, the district court did not have jurisdiction under 28 U.S.C. § 1332.*

As is well settled, the presence of a single stateless entity as a party to a suit destroys complete diversity. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal," *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989), and the presence of a "stateless" party operates as a "jurisdictional spoiler" that destroys complete diversity, *id*. at 829-30.

Because Hoopa Valley was named as a defendant, complete diversity did not exist between the parties. *See Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 27 (1st Cir. 2000) ("[N]otwithstanding the joinder of other diverse parties, the presence of an Indian tribe destroys complete diversity."). Consequently, original jurisdiction under 28 U.S.C. § 1332[3] could not have been properly

---

[3] Section 1332(a)(4) allows for diversity suits between "a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." But it is settled that Indian tribes are not foreign states. *See Cherokee Nation v. Georgia*, (30 U.S.) 5 Pet. 1, 16-18, 8 L.Ed. 25 (1831).

established. Finally, we address the parties' arguments on supplemental jurisdiction.

## C. Supplemental Jurisdiction

Federal courts may—in certain classes of cases—exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see* 28 U.S.C. § 1367. In order for a federal court to invoke supplemental jurisdiction, however, it must first have original jurisdiction over at least one claim in the action. *Id.* at 554. Incomplete diversity eliminates the prospect of establishing original jurisdiction with respect to all claims. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223-24 (5th Cir. 2012). The joinder of a defendant that destroys diversity, then, leaves nothing to which supplemental jurisdiction can adhere. *Allapattah Servs., Inc.*, 545 U.S. at 554. This is so because allowing supplemental jurisdiction over non-diverse parties in cases wholly based on diversity would undermine the complete-diversity requirement. *Id.* at 553-54.

Despite Mitchell's contention that the district court could have properly established supplemental jurisdiction under 28 U.S.C. § 1367, his position is indisputably wrong. Mitchell points us to a number of cases in the class-action context discussing exercises of supplemental jurisdiction over absent class members. *See, e.g.*, *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (noting that "CAFA . . . loosened the requirements for diversity jurisdiction for two types of cases—'class actions' and 'mass actions,'" and discussing supplemental jurisdiction over claims that do not independently meet the requisite amount in controversy); *Rosmer v. Pfizer Inc.,* 263 F.3d 110, 114 (4th Cir. 2001) ("We must decide whether § 1367 authorizes supplemental jurisdiction in the diversity class action context."). This case, involving two defendants and a single plaintiff, falls comfortably outside the scope of the Class Action Fairness Act and its loosened

jurisdictional requirements. For our purposes, the cases Mitchell relies on do not alter the well-established conclusion that supplemental jurisdiction will not serve as an end-run around 28 U.S.C. § 1332's complete-diversity requirement.

Mitchell named both Bailey and Hoopa Valley as defendants in his original complaint. The naming of a stateless entity as a defendant destroyed complete diversity and all prospects of establishing diversity jurisdiction. As we concluded above, an independent basis of federal-question jurisdiction likewise did not exist. Any exercise of supplemental jurisdiction under 28 U.S.C. § 1367 would not have been proper, for there was no claim over which the district court had original jurisdiction and to which supplemental jurisdiction could adhere. The district court, therefore, did not have original jurisdiction over this case at all.

We affirm, in part, the district court's dismissal pursuant to FED. R. CIV. P. 12(b)(1), albeit on different grounds. But as we establish next, any dismissal predicated on FED. R. CIV. P. 12(b)(1) must be without prejudice. Accordingly, we reverse in part and remand with instructions to dismiss the claims against Bailey, in his official capacity, and Hoopa Valley without prejudice.

### D. Dismissal Without Prejudice

A court's dismissal of a case resulting from a lack of subject matter jurisdiction is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 281 F.3d at 161. Accordingly, such a dismissal should be made without prejudice. *See* FED. R. CIV. P. 41(b); *see also Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (vacating the district court's "judgment of dismissal, revers[ing] in part and remand[ing] with instructions" to dismiss without prejudice). The district court erred when it dismissed claims pursuant to Rule 12(b)(1) with prejudice, and we therefore

No. 19-51123

reverse in part.

## IV.

Because we conclude that the district court lacked original jurisdiction over Mitchell's claims, we VACATE the district court's judgment in part,[4] AFFIRM the order of dismissal in part, REVERSE in part, and REMAND with instructions to dismiss all claims against Orico Bailey, in his official capacity, and the Hoopa Valley Tribe without prejudice. Plaintiff-appellant cross-appellee Matthew Mitchell is to bear the costs.

---

[4] We vacate in part to leave undisturbed the parties' stipulation of dismissal of the individual capacity claims, effectuated by the district court in its final judgment. To be sure, the parties do not challenge this on appeal. After dismissing Hoopa Valley and Bailey, in his official capacity, as defendants, the district court allowed any remaining individual capacity claims to proceed. Thereafter, the parties stipulated to the dismissal of such claims. The court was, by then, free to effectuate the parties' stipulation as it had cured any defect in its jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572-73 (2004) ("[D]ismissal of the party that . . . destroyed diversity [is a] method of curing a jurisdictional defect.").