# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 21-30609
Summary Calendar

───────────

Robert H. Williams,

*Plaintiff—Appellant*,

*versus*

American Commercial Lines, Incorporated; Platinum Equity, L.L.C.; Platinum Equity Advisors, L.L.C.; Gordon S. LeBlanc, Jr.; Hermann Moyse, III; ACBL Transportation Services, L.L.C.; ACL Transportation Services, L.L.C.; ACL I Corporation; Commercial Barge Line Company; American Commercial Barge Line, L.L.C.; American Commercial Lines International, L.L.C.; ACBL Oldco, L.L.C.; ACBL River Operations, L.L.C.; ACL Professional Services, Incorporated; Commercial Barge Line Holdings, L.L.C.; American Commercial Barge Line Holding Corporation; American Commercial Barge Line Company,

*Defendants—Appellees*.

───────────

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-139

───────────

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

This suit involves myriad claims by Plaintiff against fifteen entities and two individuals for alleged racketeering activities. Plaintiff cites various statutes in his pro se Amended Complaint, such as: 18 U.S.C. § 1962 (Racketeer Influenced Corrupt Organizations); § 1503(a) (obstruction of justice by influencing or injuring officer or juror); § 1513(e) (obstruction of justice by retaliating against a witness, victim or an informant); § 1001 (making false statements or entries in a matter within the jurisdiction of the federal government); § 1505 (obstruction of proceedings before a department or agency of the United States); § 1343 (wire fraud); and § 1512 (tampering with a witness, victim or informant in an official proceeding). We, like the district court, denied Plaintiff's request to proceed in forma pauperis. We interpret the Complaint liberally, but we agree with the district court that Plaintiff has not satisfied federal jurisdiction: he has pled no facts supporting either a federal question or complete diversity of the parties. *See* 28 U.S.C. §§ 1331 (federal question jurisdiction), 1333 (diversity jurisdiction).

There is an issue, however, with the nature of the district court's dismissal. A magistrate judge recommended dismissing this case with prejudice, either for lack of subject-matter jurisdiction or for failure to state a claim under rule 12(b)(6). The district court adopted the magistrate judge's recommendation, but made clear that it was dismissing the complaint with prejudice for lack of subject-matter jurisdiction.

Rules 12(b)(1) and 12(b)(6) provide distinct grounds for dismissal of a claim for relief. Rule 12(b)(6) applies when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under rule 12(b)(6) is a judgment on the merits and is typically with prejudice,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

meaning the plaintiff is precluded from bringing the same claims again. Rule 12(b)(1), alternatively, applies to claims over which a federal district court "lack[s] . . . subject-matter jurisdiction." Dismissal for want of subject-matter jurisdiction is without prejudice, because a court without jurisdiction is incapable of reaching a disposition on the merits of the underlying claims. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("A court's dismissal of a case resulting from a lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. Accordingly, such a dismissal should be made without prejudice." (quotation omitted)).

Where, as here, a rule 12(b)(1) motion is filed in conjunction with a rule 12(b)(6) motion courts must consider the jurisdictional challenge first. *See Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The district court did so here, correctly finding jurisdiction lacking. But the district court then dismissed the action with prejudice, which our caselaw prohibits.[1] *E.g.*, *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir.

---

[1] The magistrate judge noted that some district courts have issued dismissals with prejudice for lack of subject-matter jurisdiction where a plaintiff's claims are fanciful or impossible. *E.g.*, *Lewis v. Country of Russia*, No. 18-CV-124, 2019 WL 2246574, at *n.3 (E.D. Tex. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 2225358 (E.D. Tex. May 23, 2019) ("Plaintiff's assertions, even when afforded a liberal construction, do not state a cognizable claim under the law or over which this Court has jurisdiction"); *Flores v. U.S. Attorney Gen.*, No. 14-CV-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015) (dismissing a case with prejudice after finding no jurisdiction when "plaintiff's claims present either a delusional scenario due to some mental incapacity or a poor attempt at entertaining oneself by filing a frivolous lawsuit"). We express no view on the propriety of the dismissals in those cases. Instead, we only note that those cases were dismissed under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2), whereas here the district court denied Plaintiff's request to proceed in forma pauperis. *Cf. Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) ("[C]onsidering the distinct features of . . . in forma pauperis proceedings, . . . dismissals as frivolous or malicious should be deemed to be dismissals with prejudice[.]").

No. 21-30609

2000) ("The district court properly concluded that it did not have jurisdiction but it erred in granting summary judgment and dismissing with prejudice. Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits."). We therefore VACATE and REMAND for further proceedings consistent with this opinion.