# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-20106
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2025

Lyle W. Cayce
Clerk

Gyanendra K. Patra,

*Plaintiff—Appellant*,

*versus*

Schlumberger Technology Corporation; Alexander C. Landin; MaryJo Lovie Roberts,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-4180

———————————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Gyanendra K. Patra, appearing pro se, asserts state-law claims against his former employer and two of its lawyers for alleged misconduct during prior litigation. Acting on Defendants-Appellees' Rule 12(b)(6) motion, the district court dismissed the suit with prejudice and entered a vexatious-litigant injunction against Patra. After reviewing the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

operative complaint, we find no basis for federal subject-matter jurisdiction, so MODIFY the district court's Final Judgment of dismissal with prejudice to a judgment of dismissal without prejudice, and VACATE the injunction.

Patra was employed by Defendant-Appellee Schlumberger Technology Corporation until September 2019, when he was terminated for sexually harassing his supervisor. In February 2020, the supervisor and her husband sued Patra in Texas state court for stalking them. An Agreed Final Judgment and Injunction entered in the case the following month, which prohibited Patra from contacting or approaching the couple, and from contacting certain Schlumberger employees.

In August 2022, Patra filed a pro se employment-discrimination complaint against Schlumberger in the United States District Court for the Southern District of Texas. Two lawyers with the Kullman Firm, PLC— Defendants-Appellees MaryJo Lovie Roberts and Alexander C. Landin— defended Schlumberger there, and successfully moved the court to dismiss the case.[1] Over 100 days later, Patra filed an amended complaint, which the district court struck at Schlumberger's urging.[2] This court affirmed.[3]

In October 2024, Patra filed the instant suit pro se. The operative complaint claims the supervisor's state-court suit was retaliatory. It also complains about methods Schlumberger and its counsel used to discover Patra's tax returns while defending his employment-discrimination claim. The complaint asserts seven purported state-law torts, some of which the district court found were cognizable causes of action under Texas law (fraud,

---

[1] *See Patra v. Schlumberger Tech. Corp.*, No. 24-20104, 2024 WL 4057578, at *1 (5th Cir. Sep. 5, 2024).

[2] *See id.*

[3] *See id.*

invasion of privacy, and malicious prosecution), and others it did not (forgery, identity theft, professional misconduct, coercion and intimidation). While the complaint references a handful of federal criminal statutes as corollaries to the state-law torts, Patra acknowledges none provides him a private right of action.

In January 2025, Defendants-Appellees moved to dismiss under Rule 12(b)(6), arguing Patra's complaint failed to state a claim upon which relief could be granted under Texas law.[4] The district court agreed, granted the motion, and dismissed with prejudice. It also entered a vexatious-litigant injunction against Patra. Patra timely appealed.

We normally review the grant of a Rule 12(b)(6) motion de novo.[5] But first, we must assure ourselves that subject-matter jurisdiction exists. Patra's complaint asserts two grounds for subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.[6] After reviewing the operative complaint, we conclude jurisdiction is lacking under both statutes.

As to § 1331, federal-question jurisdiction lies where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

---

[4] *See* FED. R. CIV. P. 12(b)(6).

[5] *See Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) ("We review a Rule 12(b)(6) dismissal *de novo*.").

[6] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *id.* § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

substantial question of federal law."[7] The first of these pathways to establishing federal-question jurisdiction is not met in this case because Patra's operative complaint does not assert a federal cause of action. The second pathway is also foreclosed on the face of Patra's complaint because the state-law claims do not depend on resolution of a substantial question of federal law.[8] It is true that the complaint includes citations to some federal criminal statutes.[9] But mere citation to a federal statute does not raise a substantial question of federal law. As we read the complaint (and as Patra recognizes on appeal), the statutes were included to "reinforce" Patra's allegations of tortious conduct under state law. None is dispositive of, or essential to, establishing tort liability.[10] We thus find no substantial question of federal law, and no jurisdiction under § 1331.

Diversity jurisdiction under § 1332 does not exist, either. Patra's complaint states that he and Schlumberger are both Texas citizens.[11] So

---

[7] *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (cleaned up).

[8] A substantial question "exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

[9] *E.g.*, 18 U.S.C. §§ 495 (criminalizing false writings to defraud United States), 1001 (outlawing false statements to the government), 1028 (forbidding fraudulent identification documents), 1512 (proscribing witness tampering); 26 U.S.C. § 7212(a) (concerning interference with administration of internal-revenue laws).

[10] On appeal, Patra argues he has a right of action under 26 U.S.C. § 6103(d)(4), which states the general rule that tax returns are confidential. *See also* 26 U.S.C. § 7431 (providing cause of action for intentional or negligent disclosure of returns). But there's no such claim in Patra's complaint, and we assess jurisdiction by reference to a plaintiff's complaint, not to his appellate brief. *See Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("[A] federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint.").

[11] Patra's allegation about Schlumberger's citizenship conforms to our recent caselaw. *See Anaya v. Schlumberger Tech. Corp.*, No. 24-20170, 2024 WL 5003579, at *1 (5th

No. 25-20106

there's not complete diversity of citizenship between the plaintiff and defendants, as is required to invoke jurisdiction under § 1332.[12]

Having found jurisdiction lacking under both 28 U.S.C. §§ 1331 and 1332, we MODIFY the district court's Final Judgment of dismissal with prejudice to a judgment of dismissal without prejudice;[13] VACATE the vexatious-litigant injunction; and DISMISS AS MOOT Defendants-Appellees' pending Motion to Strike Appellant's Corrected Brief and Dismiss His Appeal.

---

Cir. Dec. 6, 2024) (deciding a case that Schlumberger removed to federal court based on its Texas citizenship); *see also* 28 U.S.C. § 1332(c)(1) (stating corporations are citizens of their state of incorporation and principal place of business).

[12] *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).

[13] *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020), as revised (Dec. 30, 2020) (holding dismissal for lack of subject-matter jurisdiction must be without prejudice).