# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2025

Lyle W. Cayce
Clerk

———————

No. 25-10297

———————

Latrisha Winder, *Individually, as Next Friend of J.W., a minor, and as Personal Representative of* the Estate of Stephen Wayne Winder, *Deceased*; Lily Winder; Stephen Tyler Winder; Emma Winder; Lou Anne Phillips,

*Plaintiffs—Appellants*,

*versus*

United States of America,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:24-CV-83

_____

Before Higginbotham, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Appellants, Latrisha Winder and various members of her family, brought suit under the Federal Tort Claims Act,[1] for negligence against the United States for Army Chaplain Johnson-Glassel's role in the death of her

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] 28 U.S.C. § 1346(b)(1).

No. 25-10297

husband. Appellants challenge the district court's dismissal of their claims on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction under the ecclesiastical abstention doctrine and the *Feres*[2] doctrine.[3]

We review a Rule 12(b)(1) dismissal de novo. *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020). Plaintiffs bear the burden of proof as the party asserting jurisdiction. *Id.* Plaintiffs must establish by a preponderance of the evidence that the court has subject matter jurisdiction, and subject matter jurisdiction may be found on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

We have carefully considered this appeal in light of the briefs, oral argument, and pertinent portions of the record on appeal. Having done so, we AFFIRM.

---

[2] *Feres v. United States*, 340 U.S. 135 (1950).

[3] The district court did not reach Defendant's remaining 12(b)(1) argument for dismissal—that the claims were barred by sovereign immunity because there was no state-law corollary.